RUDOLPH HOFFELD, Respondent, v. JACOB ZEUZIUS, Appellant.

*Interest clause in a contract for the sale of real estate, construed.*

The words "interest thereon" in the clause "the said party of the first part agrees that whenever there shall have been paid upon the purchase price of said premises the sum of $20,000 and interest thereon," etc., in a contract for the sale of real estate, *held*, on construing the whole instrument, to refer to the $20,000 and not to the amount for which the property was sold.

APPEAL by the defendant, Jacob Zeuzius, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Erie county on the 28th day of April, 1892, upon a decision of the court at the Erie Special Term.

*George Wadsworth*, for the appellant.

*Moses Shire*, for the respondent.

LEWIS, J.:

· The defendant, being the owner of a parcel of land in the city of Buffalo, on the 25th day of March, 1884, entered into a written agreement, under seal, with one Baptiste Kahabka, by the terms of which the defendant agreed to sell to Kahabka said land for the sum of $25,000, upon the terms and conditions stated in the contract.

Thereafter, and on the same day, another agreement was executed between said parties materially changing the terms and conditions of the first agreement.

The agreements were read in evidence, and marked Exhibits "A" and "B."

Exhibit "B" recites, "that whereas said (Jacob Zeuzius) party of the first part, has this day agreed for the sum of $25,000, to convey to said (Kahabka) party of the second part, or to such person, persons or association as said second party may hereafter designate, certain real estate, situate in said city of Buffalo, and more particularly referred to in said agreement to sell; and whereas the said Baptiste Kahabka has performed certain services in the sale of said lots, and has assumed certain obligations, and agreed to perform certain services in disposing of said land and collecting the payments thereon; now, therefore, this agreement witnesseth, that in consideration of the premises, and of one dollar to him duly paid, said party of the first part hereby agrees that whenever there shall have been paid upon the aforesaid contract of sale, the sum of $3,000, said party of the first part will thereupon pay to said second party, or his assignees, for his services, the sum of $150, which shall be next thereafter received on said contract of sale, and thereafter so often as said party of the first part shall receive the sum of $3,000 on said contract, the next $150 received thereon shall be paid to second party, or his assigns.

"Said party of the first part further agrees that when there shall have been paid to him on said contract of sale the sum of $20,000, and interest thereon, according to the terms of said contract, over and above such sums as shall have been paid to said second party or his assigns, as hereinafter provided, said first party will thereupon assign to said second party, or such person as he may designate, said contract of sale, and all sums due or to grow due thereunder.

"Should said party of the first part, under the covenants con-

tained in said contract of sale, hereafter give a deed of the premises mentioned in said contract, and take a mortgage on said premises to secure the unpaid portion of the purchase price, then the said party of the first part agrees that whenever there shall have been paid upon the purchase price of said premises the sum of $20,000, and interest thereon, according to the terms of said contract of sale, he will then assign to the second party, or to such person as he may designate, said mortgage, and all sums due or to grow due thereon."

Kahabka sold the land, and the defendant, after receiving a portion of the purchase price, executed a deed of the land, and received from the purchaser a purchase-money mortgage for the sum of $16,000.

This mortgage more than covered the amount coming to the defendant; and thereafter, and on the 28th day of August, 1890, the mortgagor, desiring to pay the mortgage, requested the defendant to receive the amount of the unpaid principal and allow the interest on the $5,000 ($924.90), which the premises sold for in addition to the $20,000 to be paid to the plaintiff.

The defendant demanded that the said sum of interest should be paid to him, and received the same, and in violation of the terms of the agreement, satisfied and discharged the mortgage of record.

Kahabka had theretofore assigned his interest in the contract to the plaintiff.

The plaintiff thereupon demanded of the defendant that he pay to him the said sum of $924.90, which the defendant refused to do, the defendant claiming and contending that he was entitled to receive the entire proceeds of the farm, including interest thereon, less the sum of $5,000, and the plaintiff's contention being that all that defendant was entitled to receive was the sum of $20,000, and interest thereon, and that he, as assignee of the claim, was entitled to receive the balance of the purchase price with the accumulated interest thereon.

The trial court sustained the contention of the plaintiff, and held that he was entitled to recover of defendant the said sum of $924.90, with interest from the day the same was paid to the defendant.

We agree with the construction given to the contract by the learned trial court. We think that the words " interest thereon "

refer to the $20,000, and not, as claimed by the defendant, to the amount for which the property was sold.

By the agreement, Exhibit "B," the defendant agreed to receive as his portion of the proceeds of the sale of the farm, the sum of $20,000, and interest on that sum, and agreed that Kahabka should receive for his services and expenses in selling the property, all that should be realized over and beyond the $20,000, with the interest on that sum. There is nothing in the contract limiting Kahabka's compensation to the exact sum of $5,000.

The claim of the plaintiff is not to recover interest on the commissions of Kahabka; it is to recover of the defendant the sum of $924.90 received by the defendant belonging to the plaintiff.

That was the amount due to the plaintiff over and above what had already been paid to him and his assignor, Kahabka.

The defendant neglected and refused, after receiving the amount coming to him, to assign the bond and mortgage as he had agreed to do in his contract. The damages the plaintiff was entitled to recover was the value of such bond and mortgage after the defendant had received the money due him.

The defendant received and collected $924.90 which belonged to the plaintiff, and that sum the plaintiff was entitled to recover of the defendant.

It was stipulated upon the trial that the only question in the case is, who is entitled to the interest upon $5,000, provided in the contract of sale.

A statement of the plaintiff's claim, including computation of interest, was, by agreement of parties, received in evidence.

It showed the balance due acccording to the claim of the plaintiff.

We see no reason for reversing the judgment appealed from.

It should be affirmed.

Dwight, P. J., Macomber and Haight, JJ., concurred.

Judgment appealed from affirmed.